CAREY *v.* CAREY.

DIVORCE—EXTREME CRUELTY—EVIDENCE.

Conflicting testimony in a divorce proceeding in which the husband charged extreme cruelty and drunkenness, *held*, insufficient to prove the averments of his cross-bill.[1]

Appeal from Wayne; Gilday, J., presiding. Submitted April 17, 1916. (Docket No. 48.) Decided September 26, 1916.

Bill by May H. Carey against Cornelius Carey for a divorce. Defendant filed an answer in the nature of a cross-bill asking for a divorce. Complainant withdrew the original bill of complaint. From a decree dismissing the cross-bill, defendant appeals. Affirmed.

*Frank Brennan,* for complainant.

*McHugh, Gallagher, O'Neil & McGann,* for defendant.

BIRD, J. The parties to this suit were married in August, 1910, and separated in August, 1913. They are young people. Defendant a short time before the marriage graduated at the Detroit Medical School, and began his professional life at Halfway, in Macomb county. Two children came to them; Richard in May, 1911, and the other child was born after they separated. Richard was drowned when about two years old. In August, 1913, complainant filed her bill for divorce, charging defendant with extreme cruelty. Defendant answered denying complainant's charges, and filed a cross-bill. In his cross-bill he charged complainant with extreme cruelty, and alleged that the extreme cruelty was the result of her drinking intoxicating liquors. In this connection he charges that

[1]For authorities passing on the question of drunkenness as a ground for divorce, see note in 34 L. R. A. 449.

the first year of their married life she was intoxicated as often as once a week, and that the habit grew on her, and that the following two years she was intoxicated oftener than that. Before the hearing, complainant asked permission to withdraw her bill of complaint, and it was granted. This left the contest on defendant's cross-bill. A large number of witnesses were sworn for both parties. After hearing all of the testimony that was offered, the chancellor dismissed defendant's cross-bill; it being his opinion that defendant's proofs failed to establish his charges.

Defendant testified to the several acts of cruelty alleged in his cross-bill, and complainant denied most of them, and justified her acts as to others. The storm center of the testimony soon gathered around the question of her indulgence in intoxicating liquors. The defendant testified that she was intoxicated as often as once a week the first year, and oftener after that. Complainant denied that she bought or drank liquor. She produced a large number of witnesses to disprove the charge. Only a small part of this testimony, however, was of any value, because while the witnesses had known her prior to her marriage, they had known and seen very little of her since her marriage. Defendant showed sales of liquor to her by a saloon keeper who kept a place near by, and a servant girl testified that she had gotten liquor for her on two occasions, and had seen her take whisky and hot water on one occasion, but admitted that she had never seen her intoxicated. Complainant admits that she took liquor when she was ill, and we think it is clearly established that she bought some liquor and served it on occasions to callers and invited guests, but no witness on either side, save the defendant, testified having seen her in a state of intoxication. The people who would be apt to know something of her habit, if it existed, were the servants in the household and the neighbors.

Several of these were sworn in defendant's behalf, but they denied ever having seen her intoxicated. As the chancellor suggested in his opinion, it would be very difficult, indeed, for a wife to have the habit of drinking liquor to the extent described by her husband for a period of three years without some one in the household or neighborhood knowing of it. Whatever may be the real truth concerning this charge, the testimony relating thereto is not such that we can say it is established. During the three years that these people lived together, they appear to have had disagreements and quarrels, and at times each made it very uncomfortable for the other, but outside of the question already disposed of, their troubles do not appear to have been very serious—perhaps not more so than occur in a great many families. The testimony, as a whole, does not impress us that such a case of extreme cruelty is made out as ought to be followed by a decree of divorce.

The decree of the trial court is affirmed, with costs to complainant.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.